## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | |
|---|---|
| R. N. R., BY AND THROUGH HER PARENTS, NEXT FRIENDS, AND LEGAL GUARDIANS PATRICIA ROGERS AND RANDY ROGERS<br><br>    Plaintiff,<br><br>vs.<br><br>YAMAHA MOTOR CORPORATION, U.S.A., YAMAHA MOTOR CO., LTD., YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, HAYSE C. BURNHAM, JR., AND B&R POULTRY FARMS, INC.<br><br>    Defendants. | **Case No.:** 3:09-cv-608-HTW-LRA<br><br>**JURY TRIAL DEMAND** |

**YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the defendant Yamaha Motor Manufacturing Corporation of America ("YMMC"), through its counsel, and responds to the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against YMMC upon which relief can be granted and, pursuant to Fed. R. Civ. P. 12(b)(6), should be dismissed.

**SECOND DEFENSE-ANSWER**

YMMC responds to the allegations of the Complaint, paragraph by paragraph, as follows:

1. Upon information and belief, YMMC admits the allegations in the first unnumbered paragraph contained in subsection "I" of the Complaint.

2. YMMC denies the allegations within the second unnumbered paragraph contained in subsection "I" of the Complaint except that YMMC admits that Yamaha Motor Corporation, U.S.A. ("YMUS") is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Cypress, California.

3. YMMC denies the allegations within the third unnumbered paragraph contained in subsection "I" of the Complaint except that YMMC admits that Yamaha Motor Company, Ltd. ("YMC") is a foreign corporation with offices and its principal place of business at 2500 Shingai, Iwata City, Shizuoka 438-8501, Japan, and YMC may be served pursuant to the Hague Treaty

4. YMMC denies the allegations within the fourth unnumbered paragraph contained in subsection "I" of the Complaint except that YMMC admits that it is a foreign corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 1000 Georgia Highway 34 East, Newnan, Georgia 30265, and that CSC of Rankin County, Inc., Mirror Lake, 2829 Lakeland Drive, Ste. 1502, Flowood, Mississippi 39232, is a registered agent of YMMC for service of process.

5. The fifth unnumbered paragraph within subsection "I" of the Complaint contains no allegations. To the extent a response by YMMC is required, YMMC denies those allegations.

6. YMMC is without sufficient information to form a belief concerning the veracity of the allegations within the sixth unnumbered paragraph contained in Section "I" of the Complaint, and therefore denies same.

7. YMMC is without sufficient information to form a belief concerning the veracity of the allegations within the seventh unnumbered paragraph contained in Section "I" of the Complaint, and therefore denies same.

8. The allegations within the unnumbered paragraph of subsection "II" are pure legal conclusions and no response by YMMC is required, but to the extent a response is required, YMMC would admit that the Court has jurisdiction over the subject matter of this action.

9. The allegations within the unnumbered paragraph of subsection "III" are pure legal conclusions and no response by YMMC is required, but to the extent a response is required, YMMC would admit that venue is proper in the United States District Court for the Southern District of Mississippi, Jackson Division.

10. YMMC denies the allegations contained in the unnumbered paragraph of subsection "IV" of the Complaint except that YMMC admits that YMC has some involvement with the design and manufacture of Yamaha Rhinos, that YMMC is in the business of designing and manufacturing Yamaha Rhinos, and that YMUS is involved in the distribution and marketing of Yamaha Rhinos.

11. YMMC is without sufficient information to form a belief concerning the veracity of the allegations contained in the unnumbered paragraph of subsection "V" of the Complaint, and therefore denies same.

12. YMMC denies the allegations contained in the unnumbered paragraph of subsection "VI" of the Complaint.

13. YMMC is without sufficient information to form a belief concerning the veracity of the allegations contained in the unnumbered paragraph of subsection "VII" of the Complaint, and therefore denies same.

14. YMMC denies the allegations contained in the unnumbered paragraph within subsection "VIII" of the Complaint and all subparts a., b., c., d., e., and f. and all subparts of "e." 1., 2., 3., and 4.

15. YMMC denies the allegations contained in the unnumbered paragraph within subsection "IX" of the Complaint and all subparts a., b., c., d., and e.

16. YMMC denies the allegations contained in the first unnumbered paragraph within subsection "X" of the Complaint.

17. YMMC denies the allegations contained in the second unnumbered paragraph within subsection "X" of the Complaint.

18. YMMC denies the allegations contained in the unnumbered paragraph within subsection "XI" of the Complaint and YMMC specifically denies that the plaintiff is entitled to the sums demanded or any amount of money from YMMC.

19. YMMC is without sufficient information to form a belief concerning the veracity of the allegations contained in the unnumbered paragraph in subsection "XII" of the Complaint, and therefore denies the same.

20. YMMC is without sufficient information to form a belief concerning the veracity of the allegations contained in the unnumbered paragraph in subsection "XIII" of the Complaint, and therefore denies the same.

21. YMMC denies the allegations contained in the unnumbered paragraph within subsection "XIV" of the Complaint and YMMC specifically denies that the plaintiff is entitled to the sums demanded or any amount of money from YMMC.

22. YMMC denies the allegations contained in the unnumbered paragraph of the Complaint beginning "WHEREFORE" and specifically denies that the plaintiff is entitled to the sums demanded or any amount of money from YMMC.

### THIRD DEFENSE

YMMC affirmatively pleads all rights and defenses provided by Miss. Code Ann. § 11-1-63.

### FOURTH DEFENSE

The alleged accident in question resulted from the acts or omissions of persons or entities other than YMMC for which YMMC is in no way responsible or liable. Alternatively, said acts or omissions of persons or entities other than YMMC constitute an independent, superseding cause of the alleged accident of which YMMC is in no way responsible or liable.

### FIFTH DEFENSE

The sole proximate cause or, in the alternative, a proximate contributing cause of the alleged accident and the plaintiff's alleged injuries was negligence in the operation and/or maintenance of the subject off road vehicle, and YMMC affirmatively pleads and invokes the provisions of Miss. Code Ann. § 11-7-15.

### SIXTH DEFENSE

The subject side-by-side off road vehicle was designed, manufactured, marketed, distributed, and sold in compliance with all applicable standards, codes, regulations, and state of the art.

### SEVENTH DEFENSE

YMMC alternatively pleads Miss. Code Ann. § 85-5-7 for an apportionment of fault, if any, as to all individuals or entities whose negligence may have contributed to cause this alleged accident or the plaintiff's alleged injuries whether they be parties, settling parties, or non-parties.

### EIGHTH DEFENSE

The alleged accident and the plaintiff's alleged injuries resulted from the sole negligence or, alternatively, contributory negligence of the plaintiff.

### NINTH DEFENSE

The alleged accident resulted from the misuse, alteration, and/or failure to maintain the subject off road vehicle by persons or entities other than YMMC and for which YMMC is in no way responsible or liable. Alternatively, said misuse, alteration, and/or failure to maintain the subject off road vehicle by persons or entities other than YMMC constitute an independent, superseding cause of the alleged accident for which YMMC is in no way responsible or liable.

### TENTH DEFENSE

YMMC pleads all rights and defenses provided by Miss. Code Ann. § 11-1-65 with respect to the plaintiff's claim for punitive damages.

### ELEVENTH DEFENSE

Any award of punitive damages against YMMC in this action would violate the constitutional rights of YMMC under the United States Constitution and the Mississippi Constitution in at least the following respects:

(a) It would violate YMMC's right to procedural due process under the Fourteenth Amendment to the United States Constitution and due process under Section Fourteen of the Mississippi Constitution;

(b) It would violate YMMC's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under Section Fourteen of the Mississippi Constitution;

(c) It would violate federal and state due process unless the plaintiff is required to prove every element of their claim for punitive damages beyond a reasonable doubt;

(d) Mississippi laws on punitive damages are unconstitutionally vague, not rationally related to any legitimate governmental interest, and establish no consistent,

  recognizable, or rational standard for submitting punitive damage issues to a jury or for appellate review;

(e) It would violate YMMC's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution and Section Twenty-Eight of the Mississippi Constitution;

(f) It would violate the prohibitions of the United States Constitution and the Mississippi Constitution on *ex post facto* laws;

(g) It would violate the right of YMMC to equal protection under the law as guaranteed by the United States Constitution and the Mississippi Constitution;

(h) Being in the nature of a penal or criminal sanction, any award of punitive damages that does not provide YMMC with the procedural and substantive safeguards applicable to criminal proceedings would violate the United States Constitution and the Mississippi Constitution;

(i) YMMC affirmatively pleads all rights and defenses provided by *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), with respect to any claim the plaintiff made for punitive damages, including, but not limited to, the prohibition against awarding punitive damages for YMMC's conduct outside the State of Mississippi; and

(j) YMMC affirmatively pleads all rights and defenses provided by *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

WHEREFORE, having fully responded to the allegations of the Complaint, YMMC denies that it is liable to the plaintiff for any sum of money or damages whatsoever. YMMC requests that the plaintiff's Complaint against it be dismissed with prejudice and with its costs accrued herein and further requests that it be afforded all such other relief to which it may be entitled.

         Respectfully submitted,

         YAMAHA MOTOR MANUFACTURING
         CORPORATION OF AMERICA

         By: */s/James K. McDaniel*
          ROBERT A. MILLER, MB #3305
          WILLIAM P. THOMAS, MB #102209
          JAMES K. MCDANIEL, MB #102888

OF COUNSEL:

Butler, Snow, O'Mara, Stevens & Cannada, PLLC
17th Floor, 210 East Capitol Street
Post Office Box 22567
Jackson, MS 39225-2567
(601) 948-5711

## CERTIFICATE OF SERVICE

I, James K. McDaniel, one of the attorneys for defendant Yamaha Motor Manufacturing Corporation of America, do hereby certify that I have this day filed with the Court's ECF system a true and correct copy of the foregoing **Yamaha Motor Manufacturing Corporation of America's Answer and Defenses to Plaintiff's Complaint** and that a copy of same will be electronically delivered to the following:

P. Shawn Harris, Esq.
P.O. Box 649
Forest, MS 39074

James M. Priest, Jr., Esq.
Gill, Ladner & Priest, PLLC
403 South State Street
Jackson, MS 39201

COUNSEL FOR PLAINTIFF

SO CERTIFIED, this 20th day of October, 2009.

                                            */s/ James K. McDaniel*
                                            JAMES K. MCDANIEL

Jackson 4474500v1