**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

R.N.R., by and through her parents,
next friends, and legal guardians
PATRICIA ROGERS AND RANDY
ROGERS                                                                                          PLAINTIFF

VS.                                                 CIVIL ACTION NO. 3:09cv608-HTW-LRA

YAMAHA MOTOR CORPORATION,
U.S.A., YAMAHA MOTOR CO., LTD.,
YAMAHA MOTOR MANUFACTURING
CORPORATION OF AMERICA, HAYSE
C. BURNHAM, JR., AND B&R POULTRY
FARMS, INC,                                                                                    DEFENDANTS

## ORDER GRANTING REMAND

This products liability and negligence action is before this court on plaintiffs' Motion to Remand this action to the Circuit Court of Scott County, Mississippi, where this lawsuit originated. Plaintiffs, R.N.R., by and through her parents, next friends, and legal guardians Patricia Rogers and Randy Rogers, submit this motion pursuant to Title 28 U.S.C. §1447 (c).[1] Defendants oppose the motion, arguing that this lawsuit features complete diversity of citizenship between the parties because the non-diverse instate defendants were improperly joined. Further, say defendants, this action should be transferred, without a resolution of plaintiffs' motion to remand, to the federal court in the Western District of Kentucky, where this lawsuit may join Multidistrict Litigation

---

[1] Section 1447(c) reads as follows: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS §1146 (a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The state court may thereupon proceed with such case."

("MDL"). Having fully considered the parties' submissions and the applicable law, this court grants plaintiffs' motion. The court's reasoning is set out below.

## I. Relevant Facts

On February 9, 2009, R.N.R. was injured while driving a Yamaha Rhino, an all terrain vehicle ("ATV"). The vehicle rolled over causing R.N.R. severe and permanent injury, severe fractures and lacerations on her left leg that resulted in partial amputation.

At the time of this life-altering accident, R.N.R., a female, was but ten (10) years old. She and her parents, Patricia and Randy Rogers, allegedly lived in a house on property belonging to B&R Poultry Farms ("B&R"). Supposedly, R.N.R. had driven the ATV on occasions prior to the mishap of February 9, 2009; in fact, contend plaintiffs, defendant Hayse C. Burnham, Jr. ("Burnham") had ridden with R.N.R. on this very ATV.

The Yamaha Rhino at issue was an ATV designed, manufactured and sold by Yamaha Motor Corporation, U.S.A.; Yamaha Motor Co., Ltd.; and Yamaha Motor Manufacturing Corporation of America (collectively, "the Yamaha Defendants"). B&R, say plaintiffs, paid for the ATV involved in the incident, and that Burnham was acting within the scope of his authority as an officer and agent of B&R when he allegedly allowed R.N.R. to operate the ATV.

## II. Procedural History

Plaintiffs, citizens of Mississippi, filed this complaint in the Circuit Court of Scott County, Mississippi, on June 24, 2009. They asserted claims of negligence and negligent entrustment against defendant Burnham. Plaintiffs also asserted a vicarious

liability claim against B&R based upon Burnham's alleged negligent acts. The remaining named defendants are Yamaha Motor Manufacturing Corporation of America ("YMMC"), Yamaha Motor Corporation, U.S.A., ("YMC U.S."), and Yamaha Motor Co., LTD (YMC L.T.D.), against whom plaintiffs assert claims of product liability.

YMMC removed this litigation to this court on October 13, 2009, pursuant to the authority of Title 28 U.S.C. §§1332,[2] 1441,[3] and 1446(b).[4] YMMC was served on September 10, 2009, resulting in YMMC's timely removal. The other named Yamaha Defendants joined in the removal.

As the basis of removal, defendants urge the court to find that plaintiffs' joinder of the instate defendants Burnham and B&R was improper. In the absence of these improperly joined instate defendants, say defendants, this court would have diversity of citizenship between plaintiffs and the proper remaining defendants.

YMMC subsequently moved for a stay of all non-remand litigation. The assigned

---

[2] Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States; ...

[3] Title 28 U.S.C. § 1441(a) states, in pertinent part, that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[4] Title 28 U.S.C. § 1446(b) states, in pertinent part, that " the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

3

Magistrate Judge granted the motion. Once the stay was lifted, plaintiffs filed this Motion to Remand on February 16, 2010. Defendants do not quarrel with the timeliness of this filing.

### III. **Multidistrict Litigation**

On February 13, 2009, the United States Judicial Panel on Multidistrict Litigation ("MDL") designated fifty-three (53) actions pending against Yamaha entities for coordinated or consolidated pretrial proceedings. Those 53 actions all involved allegations of separate accidents involving a Yamaha Rhino and were transferred to the Western District of Kentucky and assigned to that court for further proceedings. This case was not included in the MDL transfer order; however, defendants contend that it shares common questions of fact with the actions already transferred and should be considered a "tag-along" action for purposes of the MDL order. On November 11, 2009, this court entered an order staying all proceedings, except briefing of the motion to remand.

Defendant Yamaha ("YMMC") notified the MDL clerk of this tag along action on December 7, 2009. On January 20, 2010, a conditional transfer order was filed by the MDL Panel notifying all counsel that this action would be transferred unless opposed by the parties. On February 16, 2010, the plaintiffs moved to vacate the conditional transfer order.

Defendant YMMC asks this court to defer ruling on any pending motions, including plaintiffs' motion to remand, until the MDL Panel acts on plaintiffs' motion to vacate and determines if this action will be transferred. Plaintiffs, who already have moved to vacate the conditional transfer order, predictably oppose that request.

The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this court's discretion. The district court, however, is advised to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL Court. *Scott v. Bayer Corp.,* 2004 U.S. Dist. LEXIS 371. In deciding whether to rule on a motion to remand, the court should consider whether the motion raises issues likely to arise in other actions pending before the MDL transferee court. If the motion to remand raises issues similar to those raised in other actions in the transferee court, this court should grant the motion to stay and refrain from ruling on the motion to remand. Allowing the transferee court to rule on issues common to multiple cases avoids the risk of inconsistent and conflicting rulings, while conserving judicial resources by avoiding duplicative efforts. *Shields v. Bridgestone/ Firestone, Inc.,* 232 F. Supp. 2d 715, 718 (E.D. of Texas 2002)

This court chooses to address plaintiffs' motion for remand. Several reasons undergird this decision. First, this court's adjudication of the merits of plaintiffs' motion will save another court, perhaps burdened due to MDL transfers, from having to expend its limited time resources on this matter. Next, this motion for remand depends upon an interpretation of Mississippi law, of which this court, sitting in Mississippi, is quite familiar. Finally, the parties have briefed the issue and have argued the matter. The swift resolution of this issue will profit all parties. Therefore, this court will rule on plaintiffs' remand motion.

## IV. Improper Joinder Standard

The improper joinder doctrine is an exception to the plaintiff's traditional right to choose his or her own forum. *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007). If a non-diverse defendant is joined in an action for the sole purpose of defeating diversity jurisdiction, the action may be removed. The burden of proving such improper joinder is a heavy one. *Cavillini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir. 1995). The removing party can demonstrate improper joinder in two ways: (1) by demonstrating actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). No defendant alleges actual fraud in the pleading of jurisdictional facts; thus, this court begins its analysis using the second method of inquiry.

As further stated in *Smallwood*, "[t]here are cases, hopefully few in number, in which the plaintiff has stated a claim, but misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood,* 385 F.3d at 573. In such cases, the district court has the discretion to pierce the pleadings and conduct a summary inquiry. The district court may resolve an improper joinder claim by conducting a Rule 12(B)(6)-type analysis. *Id.*

The court must evaluate all of the factual allegations in the light most favorable to the plaintiffs, resolving all contested issues of substantive fact in plaintiffs' favor. *Clark Techs., LLC v. Hood,* No. 2:09cv91, 2009 U.S. Dist. Lexis 75318, at *9 (5th Cir. Aug. 14, 2009) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

Similarly, the court must resolve all ambiguities in controlling state law in plaintiffs' favor. *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003).

### A. *Negligence*

The defendants contend that under the factual scenario here presented and the applicable law, this court should be convinced that plaintiffs have no reasonable possibility of recovering against the non-diverse defendants. Since this court's alleged jurisdictional grant is diversity of citizenship, Title 28 U.S.C. § 1332, this court applies the substantive law of Mississippi to this dispute. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In the present case, plaintiffs allege that defendant Burnham negligently allowed R.N.R. to operate the Yamaha Rhino, negligently failed to provide instruction as to proper operation of the machine, and negligently failed to supervise R.N.R. after he had permitted her to operate the vehicle. To prevail on a negligence claim under the substantive law of Mississippi, the plaintiffs must show by a preponderance of the evidence each of the negligence elements: duty, breach of duty, proximate cause, and injury. *Leflore County v. Givens*, 754 So.2d 1223, 1230 (Miss. 2000).

Burnham is employed by Mississippi defendant B&R. He was engaged in the scope of his employment with B&R at the time his alleged negligence occurred, say plaintiffs. Therefore, plaintiffs argue that B&R is vicariously liable for defendant Burnham's alleged negligence.

### B. *Negligent Entrustment*

Under Mississippi law, plaintiffs must meet the following elements to establish a

cause of action for negligent entrustment: (1) that the defendant supplied a third party with the chattel in question for the use of the third party; (2) that the supplier of the chattel knew or should have known that the third party would use the chattel in a manner involving an unreasonable risk of harm; and (3) that harm resulted from the use of the chattel. *Bullock Bros. Trucking Co. V. Carley,* 930 So. 2d 1259, 1262 (Miss. Ct. App. 2005) (citing Restatement (Second) of Torts § 390).

R.N.R. was ten years old at the time of the incident. According to plaintiffs, defendant Burnham routinely allowed R.N.R. to drive the ATV without providing her with proper instruction and supervision on how to operate the vehicle. Plaintiffs contend that defendant Burnham should have known that his failure to provide R.N.R. with proper instruction regarding the operation of the ATV would result in unreasonable risk or harm to R.N.R. and that this failure, ultimately, did result in an accident in which R.N.R. was severely injured.

Plaintiffs cite *Sligh v. First Nat. Bank of Holmes County,* 735 So.2d 963 (Miss. 1999), where the Mississippi Supreme Court held that a defendant "who supplies directly or through a third person a chattel for use of another whom the supplier knows, or has reason to know to be likely because of a party's youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." *Sligh,* at 969 (quoting Restatement (Second of Torts § 390).

Defendants disagree with plaintiffs' position. They contend that plaintiffs cannot meet the elements of either negligence or negligent entrustment. To recover under negligence, say defendants, plaintiffs must show that Burnham was under a duty towards R.N.R. Defendants contend that Burnham never assumed any such duty since the parents of R.N.R. gave her permission to ride the ATV. Relative to plaintiffs' negligent entrustment claim, defendants say plaintiffs cannot show that defendant Burnham supplied R.N.R. with the ATV. Defendant Burnham claims he never affirmatively authorized R.N.R.'s use of the vehicle. In fact, he says the only time he saw R.N.R. operating the ATV was when she was under the direction of her parents, at which point he claims to have told the Rogers that minors were not allowed to ride the ATV without adult supervision. Additionally, according to Burnham's affidavit, both Patricia and Randy Rogers had a set of keys to the ATV and regularly allowed their daughter to operate the vehicle.

## V. **Analysis**

The statements of plaintiffs and Burnham are in sharp conflict. If plaintiffs' accusations are believed by a trier of fact, plaintiffs would recover against Burnham. Although Burnham challenges these assertions, this factual challenge in a robust material dispute on whether plaintiffs have a reasonable possibility of recovery against Burnham cannot undermine plaintiffs' entitlement to a judicial forum of their choice, namely, state court. *B., Inc. V. Miller Brewing Company, et al.*, 663 F.2d 545, 555 (5th Cir. 1981). The key interrogatory is whether plaintiffs have a reasonable possibility of

9

recovery, not whether plaintiffs definitely will recover.   Accordingly, since this dispute between plaintiffs and Burnham/B&R features disputed issues of material facts, this court cannot conclude that in state court, plaintiffs would have no possibility of prevailing against Burnham/B&R.  This court must grant plaintiffs' motion to remand.

Still, some unanswered questions trouble the court, questions which may pose answers leading to a further attempt by defendants in the future to remove this case from state court to this federal forum.  The first question pertains to the ownership of the ATV.  B&R allegedly purchased the ATV in question.  Defendants' counsel hope to confirm during discovery that plaintiffs Patricia and Randy Rogers, the parents of R.N.R., owned an interest in B&R and, thus, an ownership of the ATV in question, and that they housed at their home the ATV for R.N.R. to ride.

The second unanswered question is whether the Rogers actually told Burnham that they had no intention of pursuing a Judgment against him, that they included him in this lawsuit solely for the purpose of frustrating defendants' attempt to remove this lawsuit to federal court.  Burnham made this statement in his affidavit submitted with defendants' response to plaintiffs' motion for remand.  In their rebuttal, plaintiffs did not respond to the accusation.  At oral argument, plaintiffs' counsel said he never made any such statement, but could not speak for his clients who were not in attendance at the hearing.  Once discovery is conducted, the defendants might obtain answers which may affect a second attempt by defendants to seek removal.

Meanwhile, this court grants plaintiffs' motion to remand. The Clerk of Court is directed to return this case file to state court.

**SO ORDERED, this the 30th day of April, 2010.**

                                        **s/ HENRY T. WINGATE**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

Civil Action No. 3:09-cv-608 HTW-LRA
Order Granting Remand